IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>ROYCE NEWCOMB,<br><br>        Defendant. | Case No. 2:11-CR-00172 MCE<br><br>**ORDER RE: RESTITUTION** |

On July 12, 2012, this matter came before the Court for a hearing regarding the restitution recommended by the United States Probation Office. Defendant was represented by Matthew W. Flemming, Esq., and the United States was represented by Assistant United States Attorney Todd Pickles. Having heard the arguments of the parties and considered the papers filed, including the Probation Office's Restitution Report dated December 8, 2011, the Court hereby orders restitution in the amount of $1,965,030.

///

///

///

[Proposed] Order re: Restitution

1

**BACKGROUND**

On May 12, 2011, Defendant pled guilty to Count Three of the Indictment charging him with wire fraud in violation of Title 18, United States Code § 1343, relating to a real estate investment Ponzi scheme. Pursuant to his plea agreement, Defendant agreed to pay restitution in the amount to be determined by the Court with respect to his Ponzi scheme as well as a separate bankruptcy scheme.

On October 3, 2011, the Court sentenced Defendant to seventy months imprisonment and thirty-six months supervised release, and ordered Defendant to pay restitution in an amount to be determined by the Court at a later date after considering any recommendation by the assigned Probation Officer. In a Restitution Determination memorandum ("Restitution Report") dated December 8, 2011, the assigned Probation Officer recommended total restitution in the amount of $2,552,140. The Restitution Report identifies the victims of the Ponzi scheme and the bankruptcy scheme, and the amounts of loss for each. Defendant does not object to the restitution to be awarded to 29 of his victims as set forth in the Restitution Report. As for an additional 10 victims, he objects to part or all of the restitution recommended in the Restitution Report.

**STANDARD**

The Mandatory Victims Restitution Act ("MVRA") requires mandatory restitution to any person "directly and proximately harmed as a result of the commission" a crime against property, including wire fraud of which Defendant pled guilty.

See 18 U.S.C. §§ 3663A(a)(2); 3663A(c)(1)(A)(ii). Because of "the remedial purposes underlying the MVRA," "district courts [have] a degree of flexibility in accounting for a victim's complete losses." United States v. Waknine, 543 F.3d 546, 557 (9th Cir. 2008) (citations omitted). When objections are made, the MVRA "minimally requires that facts be established by a preponderance of the evidence, and the district court [may] utilize only evidence that possesses sufficient indicia of reliability to support its probable accuracy." Id. (citations and internal quotations omitted).

**ANALYSIS**

The United States provided to the Probation Office the discovery in this case, including bank records demonstrating money paid by numerous victims into the Contour Services bank account maintained by Defendant and his co-schemer Winnett as part of their Ponzi scheme. Additionally, the United States Trustee's Office provided information to the Probation Office with respect to Defendant's bankruptcy fraud scheme, by which he charged individuals facing foreclosure varying amounts of money to 'save' their homes by filing fraudulent bankruptcy petitions. Finally, numerous victims have supplied affidavits identifying the specific amount of their losses and have summarized the losses with an explanation as to its cause. Each of the victim impact statements is signed under penalty of perjury.

In response, Defendant states in his papers that he does not "recall" owing various amounts to certain individuals who have submitted witness affidavits. However, he has submitted no admissible evidence supporting these denials.

Additionally, although Defendant points to a spreadsheet prepared by the Secret Service detailing money paid into the Contour Services bank account, he has presented no evidence that all money paid to Defendant as part of the Ponzi scheme was paid into that bank account. Therefore, the bank account does not establish the total amount of victim losses sustained and, thus, does not rebut the victim affidavits identifying the losses they sustained.

It is well established that a restitution award may be based on victim impact statements or victim affidavits. See, e.g., United States v. Doe, 488 F.3d 1154, 1157-62 (9th Cir. 2007) (affirming in part restitution award based on amounts in victim impact statements in PSR); United States v. Lindholm, 24 F.3d 1078, 1086 (9th Cir. 1994) (affirming restitution award based on amounts provided in victim impact statements); see also Waknine, 543 F.3d at 557 ("victim affidavits will generally provide sufficient, reliable evidence to support a restitution order"). Defendant has failed to present any admissible evidence refuting the victim impact statements. Accordingly, the Court finds that the victim impact statements establish, by a preponderance of the evidence, along with the Probation Officer's Restitution Report, the amount of losses sustained by Defendant's victims. Therefore, the Court awards restitution as follows: Carl. D., $40,000; Michael H., $50,000; Jerry F., $92,000; Ali F., $72,633; Thomas W., $874,125; Kevin W., $559,632; and Darlene W., $4,800.

Turning to victim Dennis R., despite his submission of a victim impact statement identifying $370,000 in losses, he failed to provide any summary of his losses. Nor did Dennis R. explain how his losses were directly attributable to Defendant's fraud.

Based on those deficiencies, the United States has conceded there is insufficient evidence at this time to support the claimed restitution in the amount of $370,000 to Dennis R.

With respect to victim Richard J., the United States has proffered that the amount of his restitution was based on an interview by the Probation Officer with the victim in which he reported that he sustained a loss in the amount $30,000. Defendant has identified no evidence challenging this amount. The bank records show Richard J. was paid $4,000 out of the bank account used by Defendant and his co-schemer Barry Winnett. Because Richard J. did not indicate in the interview with the Probation Office that the loss amount he reported to the Probation Office already incorporated the $4,000 paid to him by Defendant and/or Winnett, the total restitution awarded to Richard J. is in the amount of $26,000.

Finally, the Probation Office has recommended restitution to Wendy S. in the amount of $15,020. For his part, Defendant admits in his objections that, as part of the bankruptcy fraud scheme, he took Wendy S.'s wedding ring in lieu of payment for his fraudulent services. Defendant then pawned Wendy S.'s wedding ring, receiving $5,000 from the pawn shop. The United States has proffered that it was this amount from the pawn shop that formed the basis for the statement in the factual basis of the plea agreement, and reported in the PSR, that the ring was valued at $5,000. The Court does not read the factual basis to establish that the ring's market value was $5,000. The United States has proffered that the figure of $15,020 in the Probation Office's recommendation is based on documents provided by the United States Trustee's Office that had been submitted with the bankruptcy court showing the value of the ring.

The Court finds that this is a more accurate determination of the ring's market value than the amount paid by the pawn shop. Defendant has failed to identify any evidence refuting this evidence. Accordingly, the Court finds by a preponderance of the evidence that Wendy S. sustained a loss in the amount of $15,020, and awards that amount in restitution.

Therefore, the Court finds that, by a preponderance of the evidence as established by the victim affidavits, bank records and other evidence provided to the Probation Office, that restitution is awarded to the following victims in the following amounts:

| | |
|---|---|
| Carl D. | $40,000 |
| Michael H. | $50,000 |
| Jerry F. | $92,000 |
| Dennis R. | None presently |
| Ali F. | $72,633 |
| Thomas W. | $874,125 |
| Kevin W. | $559,632 |
| Richard J. | $26,000 |
| Darlene W. | $4,800 |
| Wendy S. | $15,020 |

The Court further awards restitution to the twenty-nine other victims in the amounts recommended by the Probation Office as set forth in the Restitution Report (which totals $244,820) and to which Defendant has not objected.

///
///
///

[Proposed] Order re: Restitution

6

Accordingly, IT IS HEREBY ORDERED THAT the Defendant Royce Newcomb is to pay restitution in the total amount of $1,965,030 to the victims identified in the Restitution Report and as set forth above. Consistent with this Court's Order of April 26, 2012 in <u>United States v. Winnett</u>, 2:10-cr-00495 MCE, that amount is to be paid jointly and severally with Barry Winnett since those monies are associated with their Ponzi scheme.

IT IS SO ORDERED.

Dated: August 6, 2012

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE